Mr» Justice Johnson
delivered the opinion of the court,
A trustee is not chargeable on account of the trust estate, beyond the funds in his hands ; and to ascertain this, a discovery and an account would bp necessary in almost every possible case ; and there is no doubt that these cages are included in- the general jurisdiction of the Courts of Equity.
It. is contended for the plaintiff, that the act of 1769,’ giving to the Court of Common Pleas summary jurisdiction of cases under £8.0., gives a concurrent jurisdiction with the Courts of Equity, in all cases under that amount. The act, after speaking of the general jurisdiction of the Courts of Common Pleas, provides, that “It shall and may he lawful for the judges in the said Courts, or any of them, to determine without a jury, in a summary way, on petition, all causes cognizable in the said Courts, for any fn® not exceeding ,£20 sterling, except when the title of lands may come in question : In which suit, the .plaintiff and defendant shall haye the benefit of all matters, in the. *175 ¿■name manner as if the suit were commenced in the ordinary forms of common lazo or equity, and the said judges are hereby required so to do, and to give judgment and award execution, together with costs, against the body or goods of the party against whom the same shall pass.” (1 Brevard, 221. Public Laws, 270.) The latter member of this clause, it is said, confers a concurrent jurisdiction. I apprehend, however, that it refers only to the mode of proceeding, and never was intended to confer a new jurisdiction on the Courts of Common Pleas. And if we recur to the first member of the section, this view becomes irresis-table. They are to hear, in a summary way, upon peti-.'-lion, “ all causes cognizable in the said Courts,” when the sum doea not exceed It is impossible to put any other construction on these words, than that they had relation to cases of which the Court then had jurisdiction, adopting however anew mode of proceeding, corresponding with the proceedings in equity or at law, as the particular circumstances of the case may require.
jJayneszvorth, for the motion,
Millet. contra,
Independent of this view of the subject, to take cognizance of this case, would be an assumption of an important branch of the jurisdiction of the. Courts of Equity, on a forced construction of' the act, calculated still move to confuse and confound the jurisdiction of the two Courts, which it is desirable to keep as distinct as possible, and to lead to consequences which are not easily foreseen, and would, probably, in a little time, convert a Judge of the Common Pleas into a commissioner, master, and chancellor.
The motion is refused.
Justices Nott, Colcock, Richardson, Huger and Gantt. concurred.